UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FULLER, | ) | CASE NO. 4:25CV1520 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

*Pro se* petitioner Christopher Fuller, an inmate currently in custody at USP Canaan, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). Petitioner challenges his conviction in this District Court in *United States v. Fuller*, No. 5:23 CR 00504 (N.D. Ohio Sept. 7, 2023). Specifically, Petitioner appears to allege that his conviction for possession of firearm and ammunition should be vacated in light of President Trump's Executive Order as his conviction violates his Second Amendment rights. (*Id.*).

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254 Cases (applicable to § 2241 petitions pursuant to Rule 1(b)).

A federal prisoner must challenge the legality of his conviction or sentence by filing with the trial court a motion to vacate his or her conviction under 28 U.S.C. § 2255. *Capaldi v.*

*Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). A habeas corpus petition under Section 2241 is appropriate for claims challenging "'the execution or manner in which the sentence is served'--those things occurring within prison." *Taylor v. Owens*, 990 F.3d 493, 495-96 (6th Cir. 2021) (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)). The remedy afforded under Section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under Section 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Here, Petitioner is clearly challenging the legality of his conviction. He cannot do so in a Section 2241 petition.

Accordingly, the Court DENIES the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and DISMISSES the action pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:** July 25, 2025